UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY HINKS, and <br> CHRISTINA HINKS, <br><br> Plaintiffs, <br><br> v. <br><br> VIKING ACQUISITIONS, LLC, and <br> JERRY VERHAGEN, <br><br> Defendants. | Case No. 1:21-cv-790 |

## COMPLAINT AT LAW

Plaintiffs, JEFFREY HINKS and CHRISTINA HINKS ("Plaintiffs"), by through their attorneys, allege the following against Defendants, VIKING ACQUISITIONS, LLC and JERRY VERHAGEN ("Viking" and "Verhagen" respectively and "Defendants" collectively):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Each Plaintiff is a natural person residing in the Village of Lake in the Hills, McHenry County, State of Illinois.

6. Each Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Viking is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Ver Hagen is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

11. Viking is a New York limited liability company, debt buyer, and national debt collection agency headquartered in the City of Niagara Falls, Niagara County, State of New York.

12. Ver Hagen is a natural person residing in the State of New York.

13. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

15. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties or originally owed to third parties.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or originally owed to third parties.

17. During the course of their attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendants are attempting to collect a consumer debt from Plaintiffs, allegedly arising from a Cash Store account.

20. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

21. At all times relevant hereto, Viking owned the alleged debt.

22. At all times relevant hereto, Rothman Klein Mediation ("Rothman") was engaged by Defendants to collect the alleged debt.

23. Rothman is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

24. Alternatively, Rothman is a front or false name used by Defendants to collect consumer debts.

25. Rothman is not a juridical entity.

26. Rothman is not registered to do business in the State of Illinois.

27. The relationship between Viking and Rothman is confirmed by the attached collection letter ("Exhibit A") dated June 23, 2020 Plaintiffs received from Rothman.

28. In or around June 2020, Rothman began calling Plaintiffs in an attempt to collect an alleged debt.

29. Rothman calls Plaintiffs on Plaintiffs' cellular telephone at 815-814-1701.

30. On or about June 23, 2020, Rothman's collector, who identified himself as "Jim McMillan", left an outrageous voicemail message for Plaintiffs.

31. The above-referenced message is transcribed as follows:

> Hey. This one call and one call only is for Mr. Jeffrey Hinks, social security number ending in 7544, sir, issued you in the state of Illinois. Date of birth February 22nd, 1979. Mr. Hinks, my name is Jim McMillan. I'm head of the fraud litigation department, law offices of Rothman and Klein. We do work for McHenry County Court. Unless I speak to you today, sir, Tuesday, June 23rd by 11:00 Central Standard Time, in about two hours, we're going to forward paperwork over into the Judge's chambers, and you're going to be charged with criminal charges of bad checks from Woodforest National Bank, that happened all the way back in 2014. We were also sent over surveillance of you going into the cash store and you frauded this financial institution, Mr. Hinks. You will be served papers at your place of employment, along with Christina Diamond, also known as Christina Hinks. Unfortunately, the state of Illinois is a marital state so you both will face these charges.
>
> Let me explain something to you, Mr. Hinks. You can get prison time for bed checks here in the state of Illinois. You didn't actually write out a physical check, but when you authorize a financial institution, such as cash store to go back into your bank account, to get their money back, that they gave you in good faith, that you did not pay back in good faith, and this matter has been through 17 collection agencies, you're in a no-win situation. They're going to place a $2,200 litigation fee on top of your balance today and do a forcible recovery for over $5,100. The attorney's going to cause you $3 to $5,000 for the bad checks. So, it looks like you're going to be out about $10,000 and you're going to have a criminal record. You and Christina Diamonds, social ends in, give me a second here, sir. Christina Diamond, also known as Christina Hinks, social ends in 7453, issued to her in the state of Illinois. Her date of birth is November 18, 1980. She's going to face the same charges.
>
> I strongly recommend, Mr. Hinks, that you call Jim McMillan immediately, so I can get you out a legal release that exonerate you of these charges. You need to call Jim McMillan. I will be calling your supervisor and Christina's tomorrow morning, unless I get a call back by 11:00 Central Standard Time

    today, Tuesday June 23rd. Jim McMillan, (888) 915-9878. That's (888) 915-9878. My extension, sir, is 104. When returning the phone call, you need to reference docket number 1251199. Again, that docket is 1251199. If you do not call back, they'll-….

32. To date, Rothman has not sued Plaintiff.

33. Rothman has never intended to sue Plaintiff.

34. To date, Defendants have not sued Plaintiff.

35. Defendants have never intended to sue Plaintiff.

36. Rothman's above-referenced actions were an attempt to coerce Plaintiffs into payment of the alleged debt.

37. The natural consequences of Rothman's actions was to unjustly condemn and vilify Plaintiffs for their non-payment of the alleged debt.

38. The natural consequences of Rothman's statements and actions was to produce an unpleasant and/or hostile situation between Rothman and Plaintiffs.

39. The natural consequences of Rothman's actions was to cause Plaintiffs mental distress.

40. Rothman violated the FDCPA based on the following:

    a. Rothman violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiffs in connection with the collection of an alleged debt when Rothman engaged in all of the harassing misconduct alleged above;

    b. Rothman violated § 1692d(2) of the FDCPA by its use of language the natural consequence of which is to abuse the hearer when Rothman's collector made all of the foregoing outrageous threats;

    c. Rothman violated § 1692d(6) of the FDCPA by its placement of telephone calls

5

without meaningful disclosure of the caller's identity when Rothman's collector left a voicemail message for Plaintiffs and stated that he was calling from the "Law Offices of Rothman and Klein";

d. Rothman violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Rothman engaged in at least the following discrete violations of § 1692e;

e. Rothman violated § 1692e(1) of the FDCPA by its false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State;

f. Rothman violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Rothman's collector made empty and illegal threats against Plaintiffs;

g. Rothman violated § 1692e(2)(B) of the FDCPA by its false representation any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

h. Rothman violated § 1692e(3) of the FDCPA by its false representation or implication that any individual is an attorney or that any communication is from an attorney when Defendant's collector stated that he was calling from the "Law Offices of Rothman and Klein";

i. Rothman violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person

unless such action is lawful and the debt collector or creditor intends to take such action when Rothman's collector made empty and illegal threats against Plaintiffs;

j. Rothman violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Rothman's collector made empty and illegal threats against Plaintiffs;

k. Rothman violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;

l. Rothman violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Rothman engaged in at least the other discrete violations of § 1692e alleged herein;

m. Rothman violated § 1692e(11) of the FDCPA by its failure to disclose in its communications with the Plaintiffs that it is attempting to collect a debt and that any information obtained will be used for that purpose when Rothman's collector failed to make such disclosures when its collector left a voicemail message for Plaintiffs;

n. Rothman violated § 1692e(14) of the FDCPA by its use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization; and

o. Rothman violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Rothman engaged in all of the

7

foregoing misconduct.

## COUNT I:
## VIKING ACQUISITIONS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 40 of this Complaint as though fully stated herein under Count I of Plaintiffs' Complaint.

42. As alleged above, Viking is a debt collector as defined by the FDCPA.

43. Viking engaged the services of fellow debt collector Rothman to collect the alleged debt from Plaintiff.

44. Viking has the burden to monitor the activities of Rothman.

45. Rothman violated the FDCPA.

46. Viking is vicariously liable for the unlawful collection activities carried out by Rothman on its behalf.

47. Alternatively, Rothman and Viking are one and the same.

WHEREFORE, Plaintiff, JEFFREY HINKS and CHRISTINA HINKS, respectfully request that judgment be entered, both jointly and severally, against Defendant, VIKING ACQUISITIONS, LLC for the following:

    a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## JERRY VERHAGEN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiffs incorporate herein by reference the foregoing paragraphs 1 through 40 of this Complaint as though fully stated herein under Count II of Plaintiffs' Complaint.

49. Verhagen is the owner and principal of Viking.

50. At all relevant times, acting alone or in concert with others, Verhagen has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Viking, and its employees, including the acts and practices set forth in this Complaint.

51. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

52. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

53. Alternatively, as alleged above, Jerry Verhagen is a debt collector as defined by the FDCPA.

54. Verhagen engaged the services of fellow debt collectors Rothman and Viking to collect the alleged debt from Plaintiffs.

55. Verhagen has the burden to monitor the activities of Rothman and Viking.

56. Rothman and Viking violated the FDCPA.

57. Verhagen is vicariously liable for the unlawful collection activities carried out by Rothman and Viking on his behalf.

WHEREFORE, Plaintiff, JEFFREY HINKS and CHRISTINA HINKS, respectfully request that judgment be entered, both jointly and severally, against Defendant, JERRY VERHAGEN for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

DATED: February 11, 2021					RESPECTFULLY SUBMITTED,


By: /s/ James J. Parr
James J. Parr
SBN: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorneys for Plaintiffs

# **EXHIBIT A**

1 Town Center Rd, Suite 560
Boca Raton, FL 33486

| | |
|---|---|
| Date | 6/23/2020 |
| Balance | $2,940.35 |
| Settlement Amount | $1,472.00 |
| Current Creditor | Viking Acquisitions LLC |
| Capital Link Mgmt Acct# | 1251199 |
| Original Creditor | Cashstore |
| Original Creditor Acct# | 362-1706897 |

JEFFERY HINKS
305 COBBLESTONE CT
LAKE IN THE HILLS, IL  60156



Dear JEFFERY HINKS

Pursuant to our discussion and our client's approval we are authorized to offer you a settlement on the above referenced account. Upon receipt of <u>cleared</u> funds, your account will be considered settled in full. Each payment must be received in our office no later than the close of business on the date indicated below.  This offer represents a substantial savings over the actual amount of $2,940.35 owed and is an opportunity for you to take care of this obligation at a greatly reduced cost. If payments are not received in the indicated amounts and on or before the date due, this offer is hereby revoked, and Capital Link Management is under no further obligation to honor the terms of this offer.

| |
|---|
| You agree to pay $1,472.00 on 6/23/2020. |

Should you have questions you can reach a professional agent by calling (888-915-9878) Monday – Thursday from 9:00 AM – 7:00 PM and Friday 9:00 AM – 2:00 PM Eastern Time.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

PLEASE SEE ADDITIONAL NOTICES AND DISCLOSURES ON THE REVERSE SIDE OF THIS LETTER.

Rothman Klein Mediation
Phone: (888) 915-9878

Website

www.rothmankleinmediation.com

You may visit www.annualcreditreport.com for a free credit file disclosure once every 12 months or contact each company directly. TransUnion - www.transunion.com, 800-916-8800, Experian - www.experian.com, 888-397-3742, Equifax - www.equifax.com, 800-685-1111.

Please be advised that the following state and municipal disclaimers are only applicable to consumers living in those states or municipalities.

NOTICE OF IMPORTANT RIGHTS:

California - The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may not contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Colorado - FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Massachusetts - You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. New York City - Debt collectors, in accordance with the Fair Debt Collection Practices Act,15 U.S.C. section 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: (1) Supplemental security income, (SSI); (2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and; (11) Ninety percent of your wages or salary earned in the last sixty days. Utah - As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

PRIVACY STATEMENT: Our Agency wants to inform you of how we will handle confidential information we obtain about you. Information we collect –We may collect nonpublic personal information about you from the original creditor, consumer reporting agencies, and other parties for the purposes of acquiring location information as provided for by the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. Information we disclose – We do not disclose any nonpublic personal information about you to anyone, except as provided for by the Fair Debt Collection Practices Act, 15 USC § 1692 and the Fair Credit Reporting Act, 15 USC § 1681 et seq. Security - Our Agency restricts access to nonpublic personal information about you to those employees who need to know that information to process this account. Our Agency maintains physical, electronic and procedural

safeguards that comply with federal regulations to guard your nonpublic personal information.

<u>Additional Rights</u> - If your state's privacy laws provide for different rights, require a different procedure to exercise your privacy rights under those laws or you need additional explanations, we will explain your rights.